**FILED**
UNITED STATES DISTRICT COURT
DENVER COLO

AUG 0 6 2007

GREGORY C. LANGHAM
CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

UNITED STATES OF AMERICA,

     Plaintiff, Appellee,

                                    Appeal No. 06-cr-282-WDM

v.

                                      On Appeal from Judgment
SCOTT SOWKA                          of the US Magistrate:
                                      Criminal Case No: F4067046

     Defendant, Appellant.

---

# Appellant's Response Regarding Transcript Errors

---

## TABLE OF CONTENTS

1. Response to Government's General Statement ........................................................... 1
2. Response Regarding Appellant's Corrections ......................................................... 4
3. Response to Government Corrections ................................................................... 5

## 1. RESPONSE TO GOVERNMENT'S GENERAL STATEMENT

"The written trial transcript has many errors," is a statement of fact, no accusation of

fault was intended. Appellant believes that fault is immaterial, because questions of due

process have not been preserved for appeal. However, since the government raises the

question of whom is to blame for transcript errors, appellant will address the topic.

Errors were clearly the product of several factors, to wit: a poor audio recording of

the proceedings (caused by bad acoustics in the temporary courthouse, inferior recording

equipment, improper placement of microphones, clumsy use of recording equipment

controls, and/or post-trial mishandling of recorded media); and a lackluster (second)

attempt at transcription. Additionally, errors may have been exacerbated by the fact that a

remote court reporter; given an audio recording of just one of a number of closely related, consecutive trials; would not have the same contextual understanding of subject-specific terminology that an on-site reporter would employ to create a more accurate transcript.

Generally, the majority of these factors may be attributed to the trial being held at a temporary courthouse. Such arrangements were made by the government, USFS, and court without the input of the appellant. These parties, either individually or in cooperation, selected the site with poor acoustics, provided the recording equipment, placed the microphones, and had exclusive access to the controls of the recording equipment. Appellant, meanwhile, was uninvolved in any of the above.

Appellant has limited courtroom experience, but enough to notice that the temporary court was conducted in a somewhat casual manor, with blurred lines of collusion between parties. Specifically, USFS Law Enforcement personnel assisted government attorneys at the prosecutor's table; carried in and set up chairs, tables, etc; and were seen adjusting the set-up of audio recording equipment. This is not an accusation of foul play, but rather a suggestion that such relaxed conditions might have increased the likeliness of human error in producing an audio record of adequate quality.

As for the recorded media, such data remained in the custody of the court until requested by both parties in this appeal. Appellant's copy has been well cared for and remains in the pristine condition of the time of its receipt. Appellant never had custody of the government's copy, which was the one transcribed. It cannot be suggested that mishandling on the part of the appellant damaged the media prior to or during transcription, though it is possible that mishandling by government personnel (or the court reporter) caused the same.

The final factor which might have caused errors was the lackluster transcription effort undertaken by Javernick & Stenstrom, LLC. This company was selected by the government. Appellant had no contact whatsoever with Javernick & Stenstrom, LLC and could not have possibly effected the quality of their work.

The government seems to assert blame by claiming that "the Appellant made no effort to obtain a transcript himself." This statement is both false and misleading.

Immediately following the trial, Appellant approached the court clerk and requested a written transcript of the proceedings, having on his person the necessary paperwork for filing such a request in writing. It is reasonable to assume that such a transcript would have been available if the trial had been held in Denver rather than in a temporary courthouse. As it was, the clerk correctly supposed that producing a written transcript might be problematic and suggested the use of an audio transcript, which the Appellant then requested, in writing.

Appellant paid for this audio transcript and received it later, finding it somewhat lacking in quality but still useful. Appellant referred to the Federal Rules of Appellate Procedure (specifically, rule 10 (B)(1)) to verify that an audio recording was an acceptable alternative. Appellant than filed his Opening Brief referencing only the audio recording. The decision to use a written transcript was made later, at the behest of the government, and Appellant has made a good faith effort to cooperate with this development though both he and at least one employee of the court were cognizant of the likelihood of errors occurring during transcription.

In summary, all conditions where human error, negligence, or willful interference might have caused transcript errors were within the soul domain of the government, the

USFS (which operated in collusion with government attorneys), and/or the court itself. Appellant was not involved in any of these conditions, nor in the decisions that brought them into being. It is highly questionable whether the assignment of fault is material to this case but, should it be deemed important, it is clear that fault cannot be assigned to the appellant. While it is not conclusive whether such fault may be assigned to the government directly or through improper collusion with USFS personnel, such is certainly possible.

### 2. RESPONSE REGARDING APPELLANT'S CORRECTIONS

- (a) This was a typo; appellant agrees with the government's objection.

- (b) Appellant disagrees with the government's objection. The witness' answer can be clearly heard on the audio recording. Though part of the question is unclear, it was a simple clarification (for the benefit of the witness) of questions asked just prior, and can therefore be understood in context. As this answer is deemed material to the case both now and in the future, appellant asks that the court rule on whether or not to include the correction in the official transcript.

- (c) Appellant disagrees with the government's objection. It is difficult to distinguish whether the word in question is actually "plan" or "permit". However, Appellant asserts in good faith that "operating plan" was the intended meaning. Context supports this claim. This phrase was uttered by the defendant during his statement, meaning that a miscommunication could not possibly have caused confusion between a witness and querent. Rule 10 of the Federal Rules of Appellate Procedure states that, in the

absence of an acceptable trial record, even the recollections of a litigant

may be referenced by the court. In this instance, specific wording may not

be entirely material. Appellant asks that both versions be included (with

one denoted parenthetically) in the transcript as considered by the court.

### 3. RESPONSE TO GOVERNMENT CORRECTIONS

Appellant does not agree that the government's corrections to the transcript are

material, but does not object to any of the suggested changes. Nine of the thirteen

suggested changes exactly match corrections recorded by appellant (but not submitted to

the court), the remaining four are so similar to corrections recorded by appellant that their

contextual meanings are identical. Appellant's copy of the transcript has been modified to

show all corrections as suggested by the government, verbatim.

Differences in opinion between appellant and the government, as to which errors are

or are not material, further demonstrate that it is advisable for the court to consider both

the written and audio transcripts before issuing a decision in this matter, since the court's

view of which errors are material may be different from those of either of the

aforementioned parties.

Dated: 02/05/07

Scott Sowka (pro se)
1200 W. Elm St. ~ Fort Collins, CO 80521
(503) 984-6841 ~ madpoet418@yahoo.com

x

(Rev. 04/15/02)

S. Sowka
1200 W. Elm St.
Fort Collins, CO 80521

DENVER CO 802

02 AUG 2007 PM 4 L

USDC ~ District of Colorado
901 19th St, #105
Denver CO, 80294

80294+2500

Appeal No. 06-cr-282-WDM